# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                        NO. 4:15-cr-00095-KGB-1

TERENCE GORDON                                             DEFENDANT

<u>ORDER</u>

On November 6, 2015, the Court conducted a hearing to determine whether defendant Terence Gordon ("Gordon") should be released on bond pending trial. It was determined that there were no conditions under which he could be released, and he was therefore remanded to the custody of the United States Marshal pending trial.

Gordon has now filed the pending motion for reconsideration of bond. <u>See</u> Document 58. In the motion, he offered what he purports to be new information, information not presented during the November 6, 2015, hearing and information that allegedly supports the reconsideration of the decision to detain him pending trial.

The United States of America ("USA") opposed the motion. It is the position of the USA that the information Gordon offered in support of his motion is either not new or otherwise not material to the question of whether he should be released pending trial.

The Court reviewed the USA's response and determined that a reply brief from Gordon would be beneficial. He subsequently filed a reply brief and addressed the question of "what new evidence, not available at the time of the detention hearing, would be presented were the Court to re-open its bond determination." See Document 62 at CM/ECF 1. He answered that question as follows:

> The only new evidence that may have some bearing on a bond hearing is a purported affidavit that [Gordon] forwarded to [his defense counsel] today that is allegedly from [Gordon's] co-defendant, Turod Jacobs. …
>
> Evidence was presented at the bond hearing on November 6, 2015, where it was claimed that Turod Jacobs gave a statement implicating [Gordon] in a kidnaping and assault incident where a safe containing firearms was removed.
>
> The affidavit purports that [Gordon] was at Jacobs' home sleeping at the time of the alleged kidnaping incident. The affidavit also purports that two other individuals actually committed the crime. The affidavit further purports that Jacobs and [Gordon] were later made aware of the safe and did attempt to assist in opening the safe. [Gordon's defense counsel] acknowledges that the alleged affidavit can't be verified since it bears no signature at the bottom and was not notarized.
>
> [Gordon's defense counsel] has forwarded a copy of the purported affidavit to Rick Holliman, counsel for defendant Jacobs. [Gordon's defense counsel] has not talked to Turod Jacobs about the truthfulness of the alleged affidavit since [Jacobs] is represented by counsel.
>
> If the affidavit proves to be accurate, it will, for purposes of the bond hearing, refute the previous evidence presented that [Gordon's] prior conduct is such that he should be considered a danger to himself or others.

See Document 62 at CM/ECF 1-2.

After thoroughly considering the parties' pleadings and exhibits, the Court finds that Gordon's motion for reconsideration of bond should be, and is, denied. Save the purported affidavit submitted by Gordon, the information he offers in support of his motion is either not new or otherwise not material to the question of whether he should be released pending trial. It is true that the purported affidavit is new information, but the Court gives it little weight and finds it unpersuasive. It is unclear who prepared the purported affidavit, and specifically, whether it was prepared by Gordon's co-defendant. Assuming, arguendo, that Gordon's co-defendant prepared the affidavit, the representations contained in it are suspect as they are contrary to the statements Gordon's co-defendant previously made regarding Gordon's involvement in the criminal conduct giving rise to this indictment.

IT IS SO ORDERED this 9th day of August, 2016.

_____

UNITED STATES MAGISTRATE JUDGE